No. 13-4436

IN THE

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff – Appellee*

v.

EDWIN GALVEZ-BERGANZA,

*Defendant – Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

**OPENING BRIEF OF APPELLANT
EDWIN GALVEZ-BERGANZA**

ROBERT C. BONSIB
MARCUSBONSIB, LLC
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
robertbonsib@marcusbonsib.com

*Counsel for Appellant*                                    October 31, 2013

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………...………………..…i

TABLE OF AUTHORITIES……………………………………………...............ii

JURISDICTIONAL STATEMENT………………………..………...........1

STATEMENT OF THE ISSUES…………………………………….....1

STATEMENT OF THE CASE…………………………………….…….…1

STATEMENT OF THE FACTS…………………………………….…...2

SUMMARY OF THE ARGUMENTS…………………………………….5

ARGUMENTS……………………………………………………………..5

       I.     Whether the District Court committed reversible error during
           the September 24, 2012 plea hearing?………………..…………5

       II.    Whether the District Court committed reversible error during
           the May 24, 2013 sentencing hearing...............................................8

CONCLUSION………………………………………………………....13

CERTIFICATE OF COMPLIANCE.................……………………………13

CERTIFICATE OF SERVICE …………………………………………....14

# TABLE OF AUTHORITIES

## United States Supreme Court Cases

*Anders v. California,*
386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 520 (1967)..........2, 5, 6, 8–10, 13

*Gall v. United States,*
552 U.S. 38, 128 S. Ct. 586, 169 L.Ed.2d 445 (2007).....................10, 12

*Rita v. United States,*
551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007)...................12

*United States v. Booker,*
543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005)...................10, 12

## United States Court of Appeals for the Fourth Circuit Cases

*United States v. Abu Ali,* 528 F.3d 210 (4th Cir. 2008)...........................12

*United States v. Carter,* 564 F.3d 325 (4th Cir. 2009). ...............................10

*United States v. Cohen,*
459 F.3d 490 (4th Cir. 2006), *cert. denied,* 549 U.S. 1182 (2007)...........9

*United States v. Linder,*
552 F.3d 391 (4th Cir. 2008), *cert. denied,* 130 S. Ct. 736 (2009)...........9

*United States v. Mendoza-Mendoza,* 597 F.3d 212 (4th Cir. 2010).................10

*United States v. Pauley,* 511 F.3d 468 (4th Cir. 2007)..............................10

*United States v. Susi,* 674 F.3d 278 (4th Cir. 2012)................................12

## Federal Rules

Fed. R. Crim. P. 11..............................................................5, 6, 7

Fed. R. Crim. P. 32...........................................................10, 11

## Federal Statutes

18 U.S.C. § 3231……………………………………………………………...…1

18 U.S.C. § 3553(a)……………………………………………………........7, 12

18 U.S.C. § 3553(c)………………………………………………………..11, 12

18 U.S.C. § 3571……………………………………………………………...11

18 U.S.C. § 3572……………………………………………………………...11

21 U.S.C. § 846……………………………………………………………….2, 3

28 U.S.C. § 1291……………………………………………………………...1

## Sentencing Guidelines

U.S.S.G. § 2D1.1(b)(14)(c)……………………………………………………..3

U.S.S.G. § 3B1.1(a)…… .................................................……..............................3

U.S.S.G. § 3E1.1(a)…… ...............................................……..............................3

U.S.S.G. § 3E1.1(b). ……………………………...……...................................3

U.S.S.G. § 5E1.2…………..............................................……..........................11

iii

# JURISDICTIONAL STATEMENT

This is a direct appeal from the conviction and sentence imposed by the United States District Court for the Southern District of Maryland in a federal criminal case. The United States District Court for the District of Maryland was a court of original subject matter jurisdiction pursuant to 18 U.S.C. § 3231. The United States Court of Appeals for the Fourth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

A final judgment was entered on May 24, 2013. A timely notice of appeal was filed on June 2, 2013.

# STATEMENT OF THE ISSUES

I. **Whether the District Court committed reversible error during the September 24, 2012 plea hearing?**

II. **Whether the District Court committed reversible error during the May 24, 2013 sentencing hearing?**

# STATEMENT OF THE CASE

Defendant was charged in a two-count indictment filed on March 21, 2007, followed by a superseding indictment filed on April 11, 2007.

On March 20, 2012, Defendant appeared for arraignment and entered a plea of not guilty to Counts 1 and 2 of the superseding indictment.

Thereafter, on September 24, 2012, Defendant appeared for rearraignment and, pursuant to a written plea agreement, entered a plea of guilty to Count One,

1

Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846, and not guilty to Count 2 of the superseding indictment. As part of the plea agreement, Defendant agreed to waive his right to appeal any sentence within or below the guidelines.

Defendant was sentenced on May 24, 2013. The District Court established the sentencing guidelines range of 150-188 months. The court determined a sentence within the advisory guideline range was appropriate and sentenced Defendant to serve 180 months imprisonment. Defendant was also ordered to serve five years of supervised release and pay a special assessment fee of $100.00.

On May 24, 2013, judgment was entered. On June 2, 2013, Defendant timely noted his appeal.

The instant appeal arises from Defendant's guilty plea hearing and sentencing hearing. This brief is being submitted pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 520 (1967). Therefore, the issue is whether, after the Court reviews the entire record and all pertinent documents, this appeal is wholly frivolous, pursuant to *Anders.*

## STATEMENT OF THE FACTS

Defendant was involved with others in a conspiracy to import and distribute cocaine. His activity in the United States was to receive some of the cocaine. He then distributed the cocaine to other individuals. On Defendant was charged in a

2

two-count indictment filed on March 21, 2007, in which a number of individuals were indicted. A superseding indictment was filed on April 11, 2007.

On March 20, 2012, Defendant appeared for arraignment and entered a plea of not guilty to Counts 1 and 2 of the superseding indictment.

On September 24, 2012, Defendant appeared for rearraignment and, pursuant to a written plea agreement, entered a plea of guilty to Count One, Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846, and not guilty to Count 2 of the superseding indictment.  As part of the plea agreement, Defendant agreed to waive his right to appeal any sentence within or below the guidelines.

On December 6, 2012, a presentence report ("PSR") was prepared by a United States probation officer. No objections were filed to the PSR. The PSR set the base offense for conspiracy to distribute more than fifty but less than 150 kilograms of cocaine at level 36.  Defendant received a four level increase for role pursuant to U.S.S.G. § 3B1.1(a), and a two level increase for importation of cocaine. *See* U.S.S.G. § 2D1.1(b)(14)(c). Defendant received a two level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and a one level downward adjustment pursuant to U.S.S.G. § 3E1.1(b). According to these adjustments, the PSR calculated Defendant's total offense level under the United States Sentencing Guidelines to be level 39, the Defendant's

3

Criminal History Category to be I, and the resulting advisory guideline range to be 262 to 327 months.

The Defendant appeared for sentencing on May 24, 2013. After determining that the advisory guidelines in the PSR were calculated pursuant to the November 2012 Sentencing Manual, the District Court struck the two level enhancement for importation of drugs, which the court concluded would be ex post facto, as the Defendant's charged conduct ended in 2007, three years before the provision providing for such enhancement was added to the guidelines. (Sentencing Tr. 4–7). The court noted that the appropriate guidelines were those effective November 1, 2008, and that this manual did not include an enhancement for importation of drugs. (Sentencing Tr. 5–8). As to the enhancement for role, the court assessed three levels, rather than the four levels requested by the government.

Based on these adjustments, the applicable sentencing guideline range became 150–188 months. (Sentencing Tr. 21). The court determined a sentence within the advisory guideline range was appropriate and sentenced Defendant to serve 180 months imprisonment. (Sentencing Tr. 34). Defendant was also ordered to serve five years of supervised release and pay a special assessment fee of $100.00. (Sentencing Tr. 34–36).

On May 24, 2013, judgment was entered. On June 2, 2013, Defendant timely noted his appeal.

## SUMMARY OF THE ARGUMENTS

On September 24, 2012, the District Court accepted the Defendant's plea of guilty to Count One, pursuant to a plea agreement which included a waiver of the right to appeal any sentence that fell within or below the guidelines range established by the court. The record reflects that the plea hearing and colloquy conducted by the District Court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure.

The District Court sentenced Defendant within the established guideline range. A review of the record reveals that Defendant was sentenced appropriately, that the calculated advisory sentencing guideline range was correct, and that his sentence was not unreasonable.

Accordingly thereon, this brief is submitted pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, L.Ed.2d 493 (1967).

## ARGUMENTS

I.    **Whether the district court committed reversible error during the September 24, 2012 plea hearing?**

A. Standard of Review

The standard of review of an *Anders* brief is a *de novo* review of the entire record and all pertinent documents by the court of appeals to determine whether the case is wholly frivolous. *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, L.Ed.2d 493 (1967).

5

## B. Discussion

Counsel has reviewed the record in detail and has identified no action or inaction on the District Court's part that suggests harmful error during the plea colloquy.  Nor has counsel identified any aspect of the plea hearing that would suggest that Defendant's plea was involuntary.  The District Court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure as delineated in the following *Anders* Checklist,[1] with specific citations to the plea transcript:

### GUILTY PLEA – Fed. R. Crim. P. 11

| I. Advising and Questioning the Defendant – Fed. R. Crim. P. 11(b)(1) | |
|---|---|
| **(A)** risk of perjury | ----- |
| **(B)** right to plead not guilty or persist in not-guilty plea | 10, 25 |
| **(C)** right to a jury trial | 10 |
| **(D)** right to counsel at trial and every other stage | 11 |
| **(E)** certain specific rights at trial | 10, 11, 24, 25 |
| **(F)** defendant's waiver of trial rights | 11, 12, 24, 25 |
| **(G)** nature of the charge | 8, 9, 13, 14 |
| **(H)** maximum possible penalty | 9, 14 |

---

[1] The *Anders* Checklist is prepared by the United States Court of Appeals for the Fifth Circuit to ensure compliance with *Anders* and to assist the court in conducting its examination of the record.

| **(I)** mandatory minimum penalty | 9, 14, 25 |
|---|---|
| **(J)** any applicable forfeiture | N/A |
| **(K)** court's authority to order restitution | 9 |
| **(L)** court's obligation to impose special assessment | 9 |
| **(M)** court's obligation to calculate guidelines range and consider that range, possible departures, and other 18 U.S.C. § 3553(a) factors | 14, 15, 20–22 |
| **(N)** terms of waiver of right to appeal or collaterally attack the sentence | 22, 23 |
| **II. Voluntariness of Plea – Rule 11(b)(2)** | 14, 23–25 |
| **III. Plea's Factual Basis – Rule 11(b)(3)** | 15–19, 25 |
| **IV. Judicial Consideration of Plea Agreement – Rule 11(c)(3)** (advisory to defendant if plea agreement is of specified type, the agreed disposition will be in the judgment) | Non-binding plea: 12, 13, 21 |
| **V. Accepting Plea Agreement – Rule 11(c)(4)** (informing defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | Only agreements between parties: 19–21 |
| **VI. Enforcing Plea Agreement** (Government's compliance with plea agreement, defense counsel's certification whether government intends to enforce appeal waiver, and validity of appeal waiver) | 22–23/ No defense counsel certification or opinion regarding appeal or collateral attack waivers. |

The entirety of the plea transcript demonstrates substantial compliance with Rule 11 of the Federal Rules of Criminal Procedure. Although the Defendant was not advised of the risk of perjury, pursuant to Rule 11(b)(1)(A), the Court will likely conclude that this omission is harmless. Furthermore, in addition to the

7

items enumerated in the *Anders* checklist, the District Court also inquired directly of Defendant as to: the extent of his education (Plea Tr. 6); whether he could speak, understand, or read English (Plea Tr. 6); whether he was afforded the services of an interpreter when meeting with counsel (Plea Tr. 6); whether the documents in his case were prepared for him in Spanish (Plea Tr. 6); whether he could read and write in Spanish (Plea Tr. 7); whether he was physically and mentally sound (Plea Tr. 7); whether he was under the influence of any medication that might make him drowsy or interfere with his concentration (Plea Tr. 7); whether he understood that a conviction could impact immigration status or result in deportation (Plea Tr. 14); whether he had fully discussed with his attorney the charge and the decision to plead guilty (Plea Tr. 23); whether his attorney had answered his questions (Plea Tr. 23–24); and whether he was satisfied with the services of his attorney (Plea Tr. 24).

Based on the foregoing facts, the plea colloquy does not give rise to any non-frivolous issues to present in this appeal concerning the validity of the Defendant's guilty plea to Count One of the indictment.

## II.   Whether the district court committed reversible error during the May 24, 2013 sentencing hearing?

A. Standard of Review

The standard of review of an *Anders* brief is a *de novo* review of the entire record and all pertinent documents by the court of appeals to determine whether

8

the case is wholly frivolous. *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396,

L.Ed.2d 493 (1967).

B. Discussion

Counsel has reviewed the record in detail and has identified no action or

inaction on the District Court's part that suggests harmful error during the

sentencing. It should further be noted that in entering into a plea agreement,

Defendant waived his right to appeal any sentence that was within or below the

guidelines range established by the court. This Court has consistently approved the

knowing and voluntary waiver of a defendant's right to appeal. *See United States v.*

*Linder,* 552 F.3d 391, 396–97 (4th Cir. 2008), *cert. denied,* 130 S. Ct. 736 (2009);

*United States v. Cohen,* 459 F.3d 490, 493–95 (4th Cir. 2006), *cert. denied,* 549

U.S. 1182 (2007).

At the plea hearing, the court explained the waiver of appeal in Defendant's

plea agreement, noting that both Defendant and the prosecutors were giving up

some of their rights to appeal the sentence. (Plea Tr. 22, 23). The court continued

to explain the implications of the waiver by positing a hypothetical sentence and

asking Defendant if he understood that he was giving up his right to appeal that

sentence. (Plea Tr. 22-23). Defendant answered in the affirmative, indicating he

understood. (Plea Tr. 22-23). Consequently, the court accepted Defendant's plea,

9

which the court found to be knowingly and voluntarily entered into, pursuant to a written plea agreement. (Plea Tr. 25).

Notwithstanding the Defendant's appeal waiver, a review of the record demonstrates that the sentence imposed by the District Court was both procedurally and substantively reasonable. The Court reviews the District Court's imposition of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Booker*, 543 U.S. 220, 260–62, 125 S. Ct. 738, 765–66, 160 L.Ed.2d 621 (2005). First, this Court ensures the District Court did not commit any procedural errors when imposing its sentence. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010); *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). If the Court finds no procedural errors, it then considers the reasonableness of the sentence imposed by the District Court, taking into account the totality of the circumstances. *See United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).

As delineated in the following *Anders* Checklist, the District Court committed no procedural errors in sentencing the Defendant:

### SENTENCING – Fed. R. Crim. P. 32

| I. Rule 32(e)(2) (disclosing the PSR) | 2, 3 |
|---|---|
| II. Rule 32(i)(1) (verifying that defendant and counsel read and discussed | 3 |

10

| | |
|---|---|
| the PSR and any addendum to the PSR and allowing counsel to comment on PSR and sentencing matters) | |
| **III. Rule 32(i)(3)** (findings on disputed matters) | 30–32 |
| **IV. Rule 32(i)(4)** (allowing counsel and defendant to speak) | 9–16, 22–29 |
| **V. Rule 32(j)(1)** (advising defendant of any right to appeal and right to appeal in forma pauperis) | 36 |
| **VI. Rule 32(k)(1)** (judgment correctly sets forth plea, offense(s) of conviction, and sentence, including conditions of supervised release imposed at sentencing) | *See* Judgment entered May 24, 2013, Docket Entry #253. |
| **VII. Adequacy of reasons for sentence;** 18 U.S.C. § 3553(c) | 30–36 |
| **VIII. Calculation of sentence** | |
| **Offense level calculation** (identify base offense level and any adjustments) | 7, 8 |
| **Criminal history calculation** (identify prior convictions and additional points) | N/A |
| **Advisory guidelines range** | 7, 8, 21 |
| **Statutory minimum or maximum,** if any, term of imprisonment and supervised release | 25, 32, 34, 35 |
| **Fine range,** if fine was imposed; *see* U.S.S.G. § 5E1.2, and findings on fine and on defendant's ability to pay; *see id.*; 18 U.S.C. §§ 3571 & 3572 | No fine imposed: 35 |

As demonstrated above, the District Court committed no significant procedural errors, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18

11

U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall,* 552 U.S. at 51,128 S. Ct. at 597. Because the District Court's sentencing decision is procedurally sound, this Court will consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard. *Id.*; *United States v. Booker,* 543 U.S. 220, 260–62, 125 S. Ct. 738, 765–66, 160 L.Ed.2d 621 (2005). In so doing, the Court will take into account the totality of the circumstances, including the extent of any departure from the Guidelines range. *Gall,* 552 U.S. at 51,128 S. Ct. at 597. A sentence that is imposed within the advisory guideline range, is "presumptively reasonable" when reviewed on appeal. *Rita v. United States,* 551 U.S. 338, 347, 127 S. Ct. 2456, 2462, 168 L. Ed. 2d 203 (2007) (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"); *United States v. Susi,* 674 F.3d 278, 289 (4th Cir. 2012).

Upon review of the record, the totality of the circumstances shows that the District Court did not abuse its discretion in sentencing Defendant to 180 months imprisonment. The sentence imposed by the District Court fell within the established guidelines range; therefore, it is entitled to a presumption of reasonableness. *Susi,* 674 F.3d at 289; *United States v. Abu Ali,* 528 F.3d 210, 261 (4th Cir. 2008). The record reveals no facts or arguments capable of rebutting this

12

presumption. Accordingly, the District Court's sentence cannot be shown to be unreasonable.

Based on the foregoing facts, the sentencing hearing does not give rise to any non-frivolous issues to present in this appeal concerning error committed by the court in imposing defendant's sentence. Moreover, the record reflects that Defendant knowingly and voluntarily waived his right to appeal any sentence that was within or below the guidelines range.

## CONCLUSION

For the reasons set forth herein, counsel has determined, upon review of the entire record, that there are no meritorious issues to be presented in this appeal. Accordingly, this brief is submitted for review pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, L.Ed.2d 493 (1967).

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation because it does not contain more than 14,000 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii). Even including the parts of the brief that may be exempted, this brief only contains 2,932 words.

I hereby certify that this brief is proportionally spaced Times New Roman typeface in 14-point font and therefore complies with the requirements of Fed.R.App. 32(a)(5) and (6).

/s/ Robert C. Bonsib

_____

Robert C. Bonsib

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013, this Brief of the Appellant was filed in electronic format with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit and appropriately served upon the United States Attorney's Office for the District of Maryland at Greenbelt.

/s/ Robert C. Bonsib

_____

Robert C. Bonsib

14

## CERTIFICATE OF SERVICE OF ANDERS BRIEF ON DEFENDANT

TO:        Defendant-Appellant

Edwin Galvez-Berganza (Reg # 54293-037)

FCI Fort Dix, P.O. Box 2000

Fort Dix, NJ 08640

FROM:    Counsel for Defendant-Appellant

I have reviewed the record documents in your case and have carefully reviewed the law in light of the circumstances of your case. Unfortunately, I cannot find a meritorious ground to submit to the court of appeals on your behalf. Because I find no issues of merit for your direct appeal, I am filing a brief in your case pursuant to the decision of the United States Supreme Court in Anders v. California, 386 U.S. 738 (1967).

As required by the Supreme Court's decision in Anders, I have:

[✓] provided you with a copy of the Anders brief; **AND**

[✓] advised you that you may file a supplemental pro se brief within 30 days.

*(If defendant had an interpreter in the district court, also complete the following):*

[ ] The substance of the Anders brief and your right to file a supplemental pro se brief within 30 days have been interpreted for you and communicated either over the telephone or in person; **OR**

[✓] The substance of the Anders brief and your right to file a supplemental pro se brief within 30 days have been translated for you and communicated in writing.

If you choose to file a supplemental pro se brief, it should be sent to the following address: Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA 23219-3517. Copies should also be served on counsel in the case.

/s/ Robert C. Bonsib                                    October 31, 2013
_____                    _____
        Signature                                              Date

12/13/2012
SCC